UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OH

| | |
|---|---|
| **Ohio Justice and Policy Center** *Plaintiff,* vs. **Annette Chambers Smith, et al.** *Defendants.* | Case No: 1:25-cv-291<br><br>Judge: Douglas R. Cole<br><br>Magistrate Judge:<br><br>**MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO RULE 15(d)** |

Plaintiff Ohio Justice and Policy Center ("OJPC"), by and through counsel, respectfully requests that this Court grant Plaintiff leave to file an amended and supplemental complaint pursuant to Fed. R. Civ. P. 15(d). A memorandum in support is attached to this Motion. Plaintiff's proposed supplemental pleading is attached as Exhibit A. Defendants do not object to this Motion.

Respectfully Submitted,

**/s/Mark A. Vander Laan**
Mark A. Vander Laan (0013297)
Trial Attorney for Plaintiff
Angela S. Larsen (0105189)
Lizett M. Schreiber (0084708)
Attorneys for Plaintiff
Ohio Justice and Policy Center
215 E. 9th Street, Suite 601
Cincinnati, Ohio 45202
(513) 421-1108
(513) 562-3200 (fax)
mvanderlaan@ohiojpc.org
alarsen@ohiojpc.org
lschreiber@ohiojpc.org
Dated: June 5, 2025

## MEMORANDUM IN SUPPORT

### I.  FACTS

On June 1, 2025, Plaintiff received notice via the Ohio Department of Rehabilitation and Correction's ("ODRC") policies and procedures website page that the challenged Legal Mail Policy Variance was being expanded to include seven additional ODRC facilities: Allen-Oakwood Correctional Institution ("AOCI"), Chillicothe Correctional Institution ("CCI"), Franklin Medical Center ("FMC"), London Correctional Institution ("LoCI"), Madison Correctional Institution ("MaCI"), Ohio Reformatory for Women ("ORW"), and Toledo Correctional Institution ("ToCI"). These Wardens are: Ryan Walters (AOCI), Tim Shoop (CCI), Malcom Heard (FMC), Aaron Mohr (LoCI), Jenny Hildebrand (MaCI), Erin Maldonado (ORW), and Michael Swartz (ToCI).  Plaintiff seeks to add the Wardens of these facilities as Defendants to ensure that upon this Court's granting of injunctive relief, the employees of these facilities will be bound. Defendants do not object to this Motion.

### II.  LEGAL ARGUMENT

Pursuant to Fed. R. Civ. P. 15(d), this Court may, on motion and reasonable notice, permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The standard for granting leave to supplement is the same as the standard governing leave to amend under Rule 15(a). *Schwartz v. Hall Ins. Grp. Inc.,* No. 1:23-cv-374, 2024 U.S. Dist. LEXIS 170418, at *5 (S.D. Ohio Sep. 19, 2024) (citing *Spies v. Voinovich,* 48 F. App'x 520, 527 (6th Cir. 2002)). Whether to grant or deny a motion to supplement under Rule 15(d) is within the discretion of the court. *Oatly AB v. D's Naturals LLC,* No. 1:17-cv-840, 2020 U.S. Dist. LEXIS 97310, at *14 (S.D. Ohio June 3, 2020).

When the events occurred after the initial filing, a supplemental complaint under Rule 15(d), rather than an amendment under Rule 15(a), is proper. *Billiards & Brews, LLC v. City of Knoxville*, No. 3:23-CV-181, 2024 U.S. Dist. LEXIS 162117, at *3 (E.D. Tenn. Sep. 4, 2024). "Transaction, occurrence or event" in this context refers to "some type of factual change that could not have been contemplated or anticipated at the time the initial pleading was served." *Oatly AB*, 2020 U.S. Dist. LEXIS 97310, at *14. When necessary, the persons involved in the new events may be added if necessary. *Griffin v. Cty. Sch. Bd.*, 377 U.S. 218, 227 (1964). In considering a motion to supplement under Rule 15(d), courts must weigh certain factors: whether undue delay or bad faith occurred in the motion filing, whether there were any prior amendments that did not cure deficiencies, whether the proposed amendment would be futile, and whether permitting an amendment would lead to a lack of notice or undue prejudice to the opposing party. *Schwartz*, 2024 U.S. Dist. LEXIS 170418 at *7 (citing *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

In the instant matter, Plaintiff's proposed amended and supplemental pleading is justified under Rule 15(d). The addition of seven new facilities to the challenging Legal Mail Policy Variance was unknown to Plaintiff until a new version of the Legal Mail Policy Variance was posted online. Thus, there is a new event that justifies a supplemental pleading. Plaintiff's initial pleading and motion for preliminary injunction have yet to be responded to by Defendants. There is no scheduling order yet. Crucially, Defendants do not object to this Motion. While there is some new factual matter regarding Plaintiffs' likely forthcoming injuries as a result of the expansion of copying legal mail at ODRC institutions where its clients are housed, the cause of action and basic legal framework at issue does not change. Granting the proposed supplement will ensure that this Court can resolve the dispute as to all impacted parties.

### III. CONCLUSION

This court should grant Plaintiff's motion to file the attached Proposed Amended and Supplemental Complaint.

Respectfully Submitted,

**/s/Mark A. Vander Laan**
Mark A. Vander Laan (0013297)
Trial Attorney for Plaintiff
Angela S. Larsen (0105189)
Lizett M. Schreiber (0084708)
Attorneys for Plaintiff
Ohio Justice and Policy Center
215 E. 9th Street, Suite 601
Cincinnati, Ohio 45202
(513) 421-1108
(513) 562-3200 (fax)
mvanderlaan@ohiojpc.org
alarsen@ohiojpc.org
lschreiber@ohiojpc.org
Dated: June 5, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2025, the foregoing was filed with the Court's electronic filing system, and sent via electronic mail to D. Chadd McKitrick, Senior Assistant Attorney General, Daniel.McKitrick@OhioAGO.gov

/s/Mark A. Vander Laan
Mark A. Vander Laan (0013297)