UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OH

| | |
|---|---|
| **Ohio Justice and Policy Center**<br>*Plaintiff,*<br><br>vs.<br><br>**Annette Chambers Smith, et al.**<br>*Defendants.* | Case No: 1:25-cv-291<br><br>Judge: Douglas R. Cole<br><br>Magistrate Judge:<br><br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO RULE 15(d)** |

Plaintiff Ohio Justice and Policy Center ("OJPC"), by and through counsel, respectfully requests that this Court grant Plaintiff leave to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d). A memorandum in support is attached to this Motion. Plaintiff's proposed Second Amended and Supplemental Complaint is attached as Exhibit A. Defendants do not oppose this motion.

Respectfully Submitted,

**/s/Mark A. Vander Laan**
Mark A. Vander Laan (0013297)
Trial Attorney for Plaintiff
Angela S. Larsen (0105189)
Lizett M. Schreiber (0084708)
Attorneys for Plaintiff
Ohio Justice and Policy Center
215 E. 9th Street, Suite 601
Cincinnati, Ohio 45202
(513) 421-1108
(513) 562-3200 (fax)
mvanderlaan@ohiojpc.org
alarsen@ohiojpc.org
Dated:  September 30, 2025

**MEMORANDUM IN SUPPORT**

## I. FACTS

On September 1, 2025, the challenged "Legal Mail Policy Variance" (see Verified Amended and Supplemental Complaint at ¶1) expired and thus on September 23, 2025, the challenged variance became the official ODRC policy for the processing of all legal mail at all ODRC facilities. While the variance and the new policy are substantively the same, Plaintiff seeks to clarify the record and ensure that this Court may take into account that the practice of copying legal mail has now spread to all ODRC facilities, and thus Plaintiff Ohio Justice and Policy Center's ("OJPC") harms have greatly expanded.

## II. LEGAL ARGUMENT

Pursuant to Fed. R. Civ. P. 15(d), this Court may, on motion and reasonable notice, permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The standard for granting leave to supplement is the same as the standard governing leave to amend under Rule 15(a). *Schwartz v. Hall Ins. Grp. Inc.,* No. 1:23-cv-374, 2024 U.S. Dist. LEXIS 170418, at *5 (S.D. Ohio Sep. 19, 2024) (citing *Spies v. Voinovich,* 48 F. App'x 520, 527 (6th Cir. 2002)). Whether to grant or deny a motion to supplement under Rule 15(d) is within the discretion of the court. *Oatly AB v. D's Naturals LLC,* No. 1:17-cv-840, 2020 U.S. Dist. LEXIS 97310, at *14 (S.D. Ohio June 3, 2020).

When the events occurred after the initial filing, a supplemental complaint under Rule 15(d), rather than an amendment under Rule 15(a), is proper. *Billiards & Brews, LLC v. City of Knoxville*, No. 3:23-CV-181, 2024 U.S. Dist. LEXIS 162117, at *3 (E.D. Tenn. Sep. 4, 2024). "Transaction, occurrence or event" in this context refers to "some type of factual change that could

not have been contemplated or anticipated at the time the initial pleading was served." *Oatly AB,* 2020 U.S. Dist. LEXIS 97310, at *14. In considering a motion to supplement under Rule 15(d), courts must weigh certain factors: whether undue delay or bad faith occurred in the motion filing, whether there were any prior amendments that did not cure deficiencies, whether the proposed amendment would be futile, and whether permitting an amendment would lead to a lack of notice or undue prejudice to the opposing party. *Schwartz,* 2024 U.S. Dist. LEXIS 170418 at *7 (citing *Hageman v. Signal L. P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973)).

The parties agree that the proposed Verified Second Amended and Supplemental Complaint is necessary for the parties to clarify the record for this Court, but will not substantively change the factual and legal issues at stake in the pending Motion to Dismiss [Doc. 24] and Motion for Preliminary Injunction [Doc. 19]. Defendants incorporate their arguments in their Motion to Dismiss [Doc. 24] and Reply in Support [Doc. 32] and Move to Dismiss the Verified Second Amended and Supplemental Complaint on the same legal and factual bases. Plaintiff opposes on the same legal and factual bases explained in its Memorandum in Opposition [Doc. 28].

Plaintiff moves for a Preliminary Injunction for the same legal and factual bases explained in its Amended Motion for Preliminary Injunction [Doc. 19] and Reply in Support [Doc. 29], and Defendants oppose on the same legal and factual bases explained in its Memorandum in Opposition [Doc. 25].

### III. CONCLUSION

This court should grant Plaintiff's motion to file the attached Proposed Second Amended and Supplemental Complaint.

Respectfully Submitted,

**/s/Mark A. Vander Laan**
Mark A. Vander Laan (0013297)
Trial Attorney for Plaintiff
Angela S. Larsen (0105189)
Lizett M. Schreiber (0084708)
Attorneys for Plaintiff
Ohio Justice and Policy Center
215 E. 9th Street, Suite 601
Cincinnati, Ohio 45202
(513) 421-1108
(513) 562-3200 (fax)
mvanderlaan@ohiojpc.org
alarsen@ohiojpc.org
Dated:  September 30, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, the foregoing was filed with the Court's electronic filing system.

/s/**Mark A. Vander Laan**
Mark A. Vander Laan (0013297)